UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTINO RIOS DOMINGUEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.: 26cv1021-LL-SBC<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Justino Rios Dominguez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Return in which they acknowledge that (1) Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025); (2) a final judgment has been entered as to the Bond Eligible Class; and (3) per the entry of final judgment, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). ECF No. 4; *see also Maldonado Bautista v. Noem*,

/ / /

/ / /

/ / /

No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025) (entering final judgment for members of the Bond Eligible Class).[1]

Accordingly, the Court **ORDERS** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.[2]

2. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order. The Court notes that *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), has been vacated as contrary to law under the Administrative Procedure Act, and cannot be invoked to decline jurisdiction by the immigration judge. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *10 (C.D. Cal. Feb. 18, 2026).

3. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: March 4, 2026

_____
Honorable Linda Lopez
United States District Judge

---

[1] Subsequent to entry of judgment, the respondents in *Maldonado Bautista* filed a Notice of Appeal. However, the Ninth Circuit has held the filing of an appeal does not suspend the preclusive effect of a lower court judgment. *Hawkins v. Risley*, 984 F.2d 321, 324 (9th Cir. 1993) (citations omitted).

[2] Petitioner requests attorney's fees and costs under the Equal Access to Justice Act [Pet. at 8], which the Court **DENIES** without prejudice.